NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
L. ASHLEY AULL (Cal. Bar No. 257020)
Assistant United States Attorney
Chief, Criminal Appeals Section
     1000 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-5564
     Facsimile: (213) 894-0141
     E-mail:    ashley.aull@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

                 UNITED STATES DISTRICT COURT

              FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 93-1027-TJH |
|---|---|
| Plaintiff, | JOINT MOTION FOR REDUCTION OF SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT |
| v. | |
| IRA VINCENT SPEARMAN, | |
| Defendant. | |

     Plaintiff United States of America, by and through its counsel

of record, the United States Attorney for the Central District of

California, and defendant Ira Spearman ("defendant"), by and through

his counsel of record Michael Romano, hereby stipulate that the Court

should enter an amended judgment reducing defendant's sentence to 341

months' imprisonment pursuant to the First Step Act of 2018, with all

other terms of the judgment unchanged.   The parties further stipulate

as follows:

     1.   In 1995, defendant was convicted of (1) possessing 59.39

grams of crack cocaine with intent to distribute, 21 U.S.C.

§ 841(b)(1)(A) (count one), (2) possessing a firearm during an in

relation to a drug-trafficking offense, 18 U.S.C. § 924(c) (count two), and (3) being a felon in possession of a firearm, 18 U.S.C. § 922(g) (count three).  (PSR ¶¶ 3-5.)  In its calculation of the applicable Guidelines range, the PSR concluded that defendant was a career offender (PSR ¶¶ 37-38, 63), subject to a Guidelines range of 360 months to life, plus a five-year consecutive term under 18 U.S.C. § 924(c).  (PSR ¶ 96.)

2.   In 1995, the quantity of cocaine base defendant possessed (59.39 grams)--alongside at least two prior felony drug offenses--required a mandatory life sentence.  21 U.S.C. § 841(b)(1)(A)(iii) (1995).  (PSR ¶ 97.)  Defendant was sentenced to the mandatory minimum term of life imprisonment, plus a five-year consecutive term of imprisonment under 18 U.S.C. § 924(c).  (CR 134, 135, 150.)  The term of imprisonment was ordered to be followed by three years of supervised release, under conditions set by the court.  (Id.)  At sentencing, the court (the Honorable Dickran M. Tevrizian) indicated that, in the absence of a mandatory-minimum sentence, the court would not have imposed a life sentence.

3.   On direct appeal, the Ninth Circuit vacated defendant's conviction on count two, after the government conceded that the facts did not support the § 924(c) conviction.  United States v. Spearman, 96 F.3d 1452 (9th Cir. 1996) (unpublished).  In 1997, defendant was resentenced to the same sentences previously imposed on counts one and three, and the Ninth Circuit affirmed.  United States v. Spearman, 168 F.3d 504 (9th Cir. 1999) (unpublished).  (CR 134.)

4.   In 2007, defendant filed a pro se motion for a reduced sentence.  In denying that motion, the district court (the Honorable Audrey B. Collins) noted that defendant "remains sympathetic" and

2

"the just and reasonable sentence . . . would be 240 months." However, the court denied the motion in light of the then-still-applicable mandatory-minimum sentence.

5.   In November 2015, this Court issued an order denying defendant's motion under 28 U.S.C. § 2255 related to defendant's prior felony drug offense and reforms under California's drug laws, namely Proposition 47.  (CR 237.)  Defendant's appeal of that order is currently pending before the Ninth Circuit Court of Appeals, as United States v. Spearman, CA No. 16-55177.  (CR 240.)

6.   On December 21, 2018, the First Step Act was enacted. First Step Act of 2018, S. 756, 115th Cong. (2018) (enacted but not yet codified).  Section 404 of the Act states that the sentencing court may, upon motion of the defendant, an attorney for the government, or the court, "impose a reduced sentence as if section 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."

7.   The parties agree that defendant is eligible for a reduction of his sentence under Section 404.  Specifically, had Sections 2 and 3 of the Fair Sentencing Act of 2010 been in effect at the time the offense was committed, defendant would have been subject to a "term of imprisonment which may not be less than 10 years and not more than life imprisonment."  21 U.S.C. § 841(b)(1)(B)(2010).

8.   On January 18, 2019, the Ninth Circuit issued a published order remanding to this court "with instructions that the district court proceed with re-sentencing in light of, and in accordance with, the First Step Act of 2018[.]"  (Exhibit 1.)  The Court noted, consistent with the parties' stipulation above, that defendant is now

subject to a "term of imprisonment which may not be less than 10 years and not more than life imprisonment," under 21 U.S.C. § 841(b)(1)(B) (2010).

9.    According to records from the Bureau of Prisons, defendant has served 24 years and 9 months to date.  Although he has not received good time credits due to his life sentence, he would have been entitled to good time credit for a term of less than life.  See 18 U.S.C. § 3624(b).  With such good time credit, defendant would now have served the equivalent of a 341-month sentence (28 years, 5 months).  This exceeds the sentences that prior sentencing judges have twice indicated would be appropriate in defendant's case. (Supra ¶¶ 2, 4.)

10.   The parties agree that, under the First Step Act, defendant is eligible for immediate release.  Accordingly, pursuant to the First Step Act, the parties respectfully request that this Court issue an order reducing defendant's sentence to 341 months' imprisonment--the equivalent of a time-served sentence according to Bureau of Prisons records.  The parties propose the following language:

> Defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) is reduced to 341 months of imprisonment, which consists of 341 months on Count One and 120 months on Count Three, to be served concurrently. It is anticipated and intended that the reduced sentence is the equivalent of time served. All other terms of the last judgment issued remain unchanged.

(Compare CR 134 (1997 J&C).)

11.   In exchange for the government's agreement to request that defendant be resentenced to a 341-month term of imprisonment, defendant agrees that, upon the Court's reduction of his sentence pursuant to this stipulation, he will move to voluntarily dismiss his

4

pending appeal of the denial of his prior motion under 28 U.S.C.

§ 2255, United States v. Spearman, CA No. 16-55177.

12.    The undersigned counsel for defendant affirms that he has discussed this stipulation with defendant and that defendant has authorized counsel to enter into this agreement on his behalf.  The undersigned counsel also affirms that, so long as the Court accepts this stipulation, defendant waives his rights, if any, to be present when the Court reduces his sentence, to any hearing, and to any findings to which he might be entitled.  The defendant has so indicated, and counsel joins in that waiver.

Dated: January 24, 2019          Respectfully submitted,

                                 NICOLA T. HANNA
                                 United States Attorney

                                 LAWRENCE S. MIDDLETON
                                 Assistant United States Attorney
                                 Chief, Criminal Division


                                 _____/s/_____
                                 L. ASHLEY AULL
                                 Assistant United States Attorney
                                 Chief, Criminal Appeals Section

                                 Attorneys for Plaintiff
                                 UNITED STATES OF AMERICA

Dated: January 24, 2019


                                 _____/s/_____
                                 MICHAEL ROMANO
                                 Stanford Law School
                                 Three Strikes Project

                                 Attorney for Defendant
                                 IRA VINCENT SPEARMAN

5

FOR PUBLICATION

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

IRA VINCENT SPEARMAN,
*Defendant-Appellant.*

No. 16-55177

D.C. No.
2:93-cr-01027-TJH-1

ORDER

Filed January 18, 2019

Before:  Sidney R. Thomas, Chief Judge, and Kim McLane
Wardlaw and Marsha S. Berzon, Circuit Judges.

Order

Exhibit 1

2               UNITED STATES V. SPEARMAN

## SUMMARY[*]

### First Step Act of 2018

The panel remanded a criminal case with instructions that the district court proceed with re-sentencing in light of, and in accordance with, the First Step Act of 2018.

Under the First Step Act, a court that imposed a sentence for a covered sentence may impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. The panel wrote that had section 2 of the Fair Sentencing Act of 2010 been in effect at the time the defendant committed his offense, he would have been subject to "a term of imprisonment which may not be less than 10 years and not more than life imprisonment."

The panel remanded for this limited purpose only and without prejudice to the arguments made on appeal. The panel retained jurisdiction over the certified claims in the 28 U.S.C. § 2255 appeal.

### COUNSEL

Michael Romano (argued) and Sophie Wood, Three Strikes Project, Stanford Law School, Stanford, California, for Defendant-Appellant.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Exhibit 1

Elana Shavit Artson (argued), Assistant United States Attorney, Criminal Appeals Section; L. Ashley Aull, Chief, Criminal Division; Nicola T. Hanna, United States Attorney; United States Attorney's Office, Los Angeles, California; for Plaintiff-Appellee.

# ORDER

This case is remanded with instructions that the district court proceed with re-sentencing in light of, and in accordance with, the First Step Act of 2018, S. 756, 115th Cong. (2018) (enacted but not yet codified). Under the Act, "[a] court that imposed a sentence for a covered offense may, on motion of . . . the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." First Step Act § 404(b). Had section 2 of the Fair Sentencing Act of 2010 been in effect at the time Spearman committed his offense, he would have been subject to "a term of imprisonment which may not be less than 10 years and not more than life imprisonment . . . ." 21 U.S.C. § 841(b)(1)(B).

This case is remanded for this limited purpose only and without prejudice to the arguments made on appeal. We retain jurisdiction over the certified claims in the 28 U.S.C. § 2255 appeal. The parties shall bear their own costs of appeal.

**REMANDED.**

Exhibit 1